Hon. Arthur J. Doran, Jr., Corporation Counsel, Yonkers
You have asked whether a construction project to improve privately owned property that is funded by the Federal government and administered by the Yonkers Community Development Agency, is a "public works project" within the meaning of section 554-a of the General Municipal Law and a "public improvement" within the meaning of section 2 (7) of the Lien Law.
The Yonkers Community Development Agency has received funds the Federal government under the Housing and Community Development Act of 1974 (PL93-383 as amended by PL 95-128, 42 U.S.C. § 5301, et seq.). Current projects include the improvement of facades and the removal of architectural barriers (to provide access to handicapped persons) of privately owned property. The Housing and Community Development Act permits construction projects to improve private property when they are incidental to other activities (§ 5305 (a) (4) and (5)). After obtaining the consent of the owner of the property, the Yonkers Community Development Agency drafts bid specifications, awards contracts, monitors performance, and pays for work and materials with Federal funds.
Section 99-h of the General Municipal Law authorizes municipalities to expend funds made available by the Federal government to administer programs relating to the general welfare of the inhabitants of the municipality. The expenditure of Federal funds pursuant to the Housing and Community Development Act comes within this provision.
The Yonkers Community Development Agency is a public benefit corporation whose powers are enumerated in Article 15-A of the General Municipal Law. Article 15-A was enacted to complement and to facilitate the carrying out of the Federal Slum Clearance and Urban Renewal Program ( 42 U.S.C. § 1451, et seq.). In 1974 Congress enacted the Housing and Community Development Act. Federal funds which were formerly provided for urban renewal are now provided through community development programs. Some urban renewal agencies have changed their names to community development agencies to reflect the change in Federal law. The change in names does not alter the power of the agency; a community development agency has only those powers which are enumerated in Article 15-A (see our informal opinion of May 14, 1980 [copy enclosed]). We understand that your current projects are within the powers granted by Article 15-A.
Section 554-a of the General Municipal Law provides that provisions of State and local law applicable to the letting of public works and purchase contracts apply to the same degree and extent to urban renewal agencies. That includes public construction contracts to improve privately owned property under a federally financed program administered by the Yonkers Community Development Agency. This is consistent with applicable Federal regulations which provide that grantees of Federal funds must use State procurement procedures as long as minimum Federal standards are met. See Office of Management and Budget, Circular No. A-102 (Aug 24, 1977, 42 FR, p 45828) Attachment O (Aug 1, 1979, 44 FR, p 47874).
You have also asked whether construction projects to improve private property that are undertaken by the Yonkers Community Development Agency are "public improvements" within the meaning of the Lien Law Generally, the Lien Law distinguishes between liens involving privately owned real property and liens involving public improvements. Where a lien is sought to secure payment for labor performed and materials supplied for the improvement of privately owned property, the lien applies directly to the property improved. (See, e.g., Lien Law §§ 3, 10, 17,19, 41; Standard Sand and Gravel Co. v City of New York,172 App. Div. 80 (1st Dept, 1916) affd 224 N.Y. 687 [1918]; McQuillin, Municipal Corporations § 37.185.) Where a lien is sought to secure labor performed or materials furnished for a public improvement, the lien attaches to the public moneys that are set apart or appropriated for the payment of the improvement (see, e.g., Lien Law § 6, 11,12, 21, 42; Standard Sand and Gravel Co. v City of NewYork, supra; McQuillin, Municipal Corporations § 37.185). A public improvement is defined as an improvement of real property belonging to a public corporation (Lien Law § 2 [7]). A public corporation includes a public benefit corporation such as the Yonkers Community Development Agency (Lien Law § 2 [6]; General Construction Law § 66 [1].
A construction contract of the nature under discussion here would appear to come literally under the Lien Law sections dealing with private property. In reality, however, this type of construction contract fits the concept governing the sections dealing with public improvements except that the public improvement is to a privately owned structure. We think that this unique "public improvement" should be covered by the public improvement sections. The government provides the impetus for improvement, executes the public contract, and has the funds in hand to meet the contractual obligation. The property owner's relationship to the project is limited to consenting to let the government improve the property. Moreover, the purpose of the Lien Law is to protect laborers and materialmen. A lien against money in hand affords greater protection than a lien against land.
We are of the opinion that construction projects to improve private property that are undertaken by a community development agency with Federal funds are "public improvements" within the meaning of the Lien Law. We do not address the issue of whether a contract to improve private property which is funded with Federal funds but entered into by the owner of the private property is a public improvement within the meaning of the Lien Law.
We conclude that construction projects to improve private property, funded by the Federal government and administered by the Yonkers Community Development agency, are public works contracts within the meaning of section 554-a of the General Municipal Law. We further conclude that these construction projects are public improvements within the meaning of the Lien Law.